IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHNNY ROBINSON                                                                           PLAINTIFF

v.                         Civil No. 08-2040

LT. LANNY REESE; and
CRAWFORD COUNTY
DETENTION CENTER                                                                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff's complaint was filed in this case on May 13, 2008. Before the undersigned is the issue of whether the complaint should be served.

**Background**

For purposes of discussion, I will summarize the allegations of the complaint. Plaintiff, Johnny Robinson, contends Lt. Lanny Reese is responsible for him being incarcerated under false circumstances. Specifically, Robinson maintains Reese incorporated false information into an affidavit of probable cause in support of the issuance of an arrest warrant. As a result of the inclusion of the false information, Robinson contends Judge Gary Cottrell ruled there was probable cause to hold him on three separate criminal charges.

As relief, Robinson asks that a fair bond be set. He also asks that he receive a fair trial-- one that is not in Van Buren, Arkansas. He asks that all charges run concurrently and for damages for the time he spends in custody.

Robinson asserts a separate denial of medical care claim against the Crawford County Detention Center. He alleges he has been asking to see a doctor since April 14, 2008, because

he has been unable to hold any food down. Although he has been seen by the nurse, he maintains he has not received proper medical care. He also maintains he has been subjected to overcrowding and been treated more harshly since he asked for his prison account statement.

## Discussion

Robinson's claims against Reese are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113. *See also Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999)(extending *Heck* to the pre-conviction context).

To the extent Robinson's claims against Reese are not barred by *Heck*, abstention is appropriate. "In *Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999), *cert. denied*, 529 U.S. 1038, 120 S. Ct. 1534, 146 L. Ed. 2d 348 (2000). Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." *Id.* (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Robinson's claims against Reese stem from the fact that he was arrested and charged with criminal offenses. The arrest warrant was obtained based on Reese's affidavit of probable cause. The charges stemming from Robinson's arrest are currently pending. To allow Robinson's action to proceed at this point would require this court to interfere in ongoing state criminal proceedings and this court will not do so absent extraordinary circumstances. Abstention is therefore appropriate.

## CONCLUSION

I therefore recommend Robinson's claims against Reese be dismissed on the grounds they are barred by *Heck*. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable). To the extent Robinson's claims against Reese are not barred by *Heck*, I recommend

his claims be stayed and administratively terminated. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999)(stay rather than dismissal appropriate when damages are sought and the court is not being asked to declare a state statute unconstitutional). Robinson may reopen his claims against Reese after the conclusion of the state criminal case.

This leaves for later resolution Robinson's denial of medical care and conditions of confinement claims.

**Robinson has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Robinson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of June 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE